HOLMAN, County Judge, v. COWDEN & SUTHERLAND.

(Court of Civil Appeals of Texas. Galveston. May 29, 1913. Rehearing Denied June 19, 1913.)

1. INJUNCTION (§ 28*)—PUTTING STOCK LAW INTO OPERATION.

Parties, showing that they had under lease a large tract of land in a certain county and large numbers of cattle pastured thereon, and that their interests would be seriously affected, and that they would suffer serious loss and damage without adequate remedy at law if a stock law was put in operation in such territory, with allegations which, if true, showed that the county was not included in the stock law, were entitled to enjoin the county judge from issuing a proclamation putting such law into operation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 62–65; Dec. Dig. § 28.*]

2. STATUTES (§ 105*)—SUBJECT AND TITLE— PURPOSE OF CONSTITUTIONAL PROVISION.

Const. art. 3, § 35, providing that no bill (except appropriation bills) shall contain more than one subject, which shall be expressed in its title, and that if any subject shall be embraced in an act that is not expressed in the title the act shall be void only as to so much thereof as shall not be so expressed, was intended to remedy a practice by which clauses were inserted in bills of which the title gave no intimation, and to reasonably apprise the Legislature of the contents of bills, so that surprise and fraud might be prevented.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 117, 118; Dec. Dig. § 105.*]

3. STATUTES (§ 120*)—SUBJECTS AND TITLE— STOCK RUNNING AT LARGE.

The original stock law (Acts 26th Leg. c. 128) was amended by several acts, including Acts 30th Leg. cc. 11, 57, so as to include or exclude certain counties, and by Act 31st Leg. c. 69, was amended to include Matagorda county; and Acts 32d Leg. c. 94, entitled "An act to amend" Acts Twenty-Sixth Leg. c. 128, §§ 1, 2, as amended, set out all the amendments, including that of the Thirty-First Legislature, including Matagorda county, recited as the subject of the act, "so as to exclude Wharton and Fort Bend counties," and to include others, and enacted that section 1 of chapter 57 of the Acts of the Thirtieth Legislature be amended following it by section 1, enumerating the counties included in the acts, and not including Matagorda county. Const. art. 3, § 35, provides that no bill except general ap-

propriation bills shall contain more than one subject, which shall be expressed in its title, and that if any subject shall be embraced in an act which is not expressed in the title, such act shall be void as to that part. *Held*, that the title of Acts 32d Leg. c. 94, gave no intimation of the purpose to exclude Matagorda county from its terms, and that so much of it as did exclude it from the operation of the stock law was inoperative and void leaving the county where the act of the Thirty-First Legislature placed it.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 168–172; Dec. Dig. § 120.*]

4. INJUNCTION (§ 143*) — TEMPORARY RESTRAINING ORDER—NOTICE.

While the district judge may grant an injunction without notice to the other party, yet in all but the rarest cases a temporary order, as distinguished from a temporary injunction, restraining defendant and preserving the status until the application for temporary injunction can be heard after notice, is all that is necessary, and such course should be adopted by trial judges.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. § 143.*]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action for injunction by Cowden & Sutherland against W. S. Holman, County Judge. From an order of the district court granting a temporary writ of injunction, defendant appeals. Reversed, order set aside, and injunction refused.

Gaines & Corbett, of Bay City, for appellant. Krause & Wilson, of Bay City, for appellees.

REESE, J. This is an appeal from an order of the district judge granting a temporary writ of injunction. An election had been held in a certain subdivision of Matagorda county, under the provisions of the statute, to determine whether or not horses, mules, jacks, jennets, and cattle should be allowed to run at large in said territory, and at such election, regularly held, a majority of the voters had voted in favor of the prohibition of said running at large. The election was regularly held and returns properly made. Appellees thereupon filed their suit in the district court against appellant, the county judge of said county, to enjoin the said county judge from issuing his proclamation necessary to put such law in operation, on the ground, as alleged in the petition, that Matagorda was not included among the counties in which said stock law could be put in operation. Appellees allege such facts as to entitle them to sue out such injunction if the ground therefor, as aforesaid, is true. The petition was presented to the honorable district judge in vacation, and he, without notice, granted the temporary writ as prayed for. From this order this appeal is prosecuted.

[1] The sole question presented by the appeal is whether under the law as it now exists Matagorda county is included among the counties to which the said stock law applies. Appellant does make some objection to the

right of appellees to seek such injunction, but as the allegations of the petition show that they have under lease a large body of land in said territory, and large numbers of cattle pastured thereon, and that for various reasons set out their interests will be seriously affected, and they will suffer very serious loss and damage, for which they will have no other adequate and sufficient remedy if said law is put in operation in said territory, the objections of appellant to the injunction on this ground are without merit.

[2, 3] Coming now to the real question involved, an examination of the statutes discloses the following facts: The original stock law statute is chapter 128, General Laws of the Twenty-Sixth Legislature. This act was amended by chapter 24 of Acts of the Twenty-Seventh Legislature, chapter 71, General Laws of the Twenty-Eighth Legislature, chapters 23 and 94, General Laws of the Twenty-Ninth Legislature, and chapters 11 and 57, General Laws of the Thirtieth Legislature. These several amendments or most of them, were for the purpose of including or excluding certain counties from the operation of the act. Matagorda county, up to and including this last act, had not been so included. The Thirty-First Legislature passed an act (chapter 69, p. 121, Acts 1909) entitled "An act to amend" the said act of the Twenty-Sixth Legislature as amended as aforesaid, so as to include a number of counties, among which was Matagorda county. The Thirty-Second Legislature passed an act (chapter 94, p. 172, Acts 1911) entitled "An act to amend sections 1 and 2 of chapter 128, General Laws of the Twenty-Sixth Legislature" as amended, setting out all of the amendments heretofore referred to, including that by the Thirty-First Legislature aforesaid, which was the first amendment to include Matagorda county, and reciting, as the subject of the act, "so as to exclude Wharton and Fort Bend counties, and to include" several counties not necessary to mention. The enacting clause is as follows: "Be it enacted by the Legislature of the state of Texas, section 1. That section 1 of *chapter 57 of the Acts of the 30th Legislature* be, and the same is hereby amended so as to read as follows." Then follows section 1, enumerating by name the counties to be included in the act. Matagorda county is not named in the list. Here is where the trouble begins. If the provision of this act not including, and therefore excluding, Matagorda county, which was included by the preceding act of the Thirty-First Legislature, is valid, then there was no authority for the election referred to, and the injunction was properly granted, otherwise not.

The act of the Thirty-First Legislature, including Matagorda county, is carried forward in the Revision of the Statutes of 1911, Article 7235, R. S. 1911. But the general

repealing clause of that Revision (section 4, Final title) does not apply to this act of the Thirty-Second Legislature. Section 17, Final Title. Section 35, article 3, of the Constitution, provides that no bill (except general appropriation bills) shall contain more than one subject, which shall be expressed in its title, but further, that if any subject shall be embraced in an act that is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed. What is the "subject" of the act of the Thirty-Second Legislature as expressed in the title? Not merely to amend the act of the Thirty-First Legislature referred to, but to amend it so as to exclude Fort Bend and Warton counties and to include Brewster and certain other counties. In Day Land & Cattle Company v. State, 68 Tex. 527, 4 S. W. 865, the court says that the word "subject," is "that which is dominated or controlled by the * * * law." It was held that decisions under the former Constitution, which use the word, "object" instead of "subject," are conclusive in determining whether there has been a violation of the provision of this Constitution. Under those decisions the word "object" was held to mean "end" or "purpose." There has never been any difference of opinion as to the purpose of this provision of the Constitution. As was said in Breen v. T. & P. R. R. Co., 44 Tex. 306: "It was * * * intended to remedy another practice 'by which, through dextrous management, clauses were inserted in bills of which the titles gave no intimation,' and thereby pass bills through the Legislature while many members were unaware of their real scope." In Doeppenschmidt v. I. & G. N. R. R. Co., 100 Tex. 536, 101 S. W. 1081, the Supreme Court says, referring to this provision of the Constitution: "The purpose of the constitutional provision is merely to reasonably apprise the legislator of the contents of the bill, to the end that surprise and fraud in legislation may be prevented." Applying these general principles to the act in question, it seems clear to us that a case could hardly be conceived where the title to the act would be more likely to deceive legislators as to the effect of the enactment. Who would possibly suppose, upon reading the title " * * * so as to exclude Fort Bend and Wharton counties," that the purpose and effect of the act was also to exclude Matagorda county? How can it be said, under any permissible liberality of construction, that the title gave any inkling of the purpose to exclude Matagorda county from the terms of the act? The body of the act contains the names of a number of counties arranged without order. Only

the most careful reading of the entire act would disclose the fact that the name of Matagorda county was dropped. The caption would have been less likely to deceive or mislead if it had simply stated that its subject was to amend the former laws, and stopped at that. We are constrained to hold that so much of the act of the Thirty-Second Legislature as excludes Matagorda county from the operation of the stock law referred to is inoperative and void, for the reasons indicated, and that therefore Matagorda county remains where the act of the Thirty-First Legislature places it.

Although the title of the act states as one of the purposes "to repeal all other laws in conflict therewith," there is no repealing clause. We do not consider it necessary to determine, as to how it affects the validity of the act, that while the title states that the purpose is to amend the act of the Thirty-First Legislature, which, being the last amendment, is the only act then in force, by the enacting clause the act of the Thirtieth Legislature is amended. This act was superseded and repealed by the act of the Thirty-First Legislature, and seemingly this latter act, which includes Matagorda county, is left untouched. The entire act seems a series of blunders, not commendable to the body by which it was passed.

[4] Appellant also makes objection to the order granting the injunction, on the ground that it was granted without notice. As we have taken occasion to say several times, while the district judge had the power to grant an injunction without notice to the other party, it is only in the rarest cases that it is proper to do so. In every conceivable case, no matter how pressing the emergency, a temporary restraining order (well known in our practice as distinguished from a temporary injunction), restraining the defendant and preserving the status until such time as the application for temporary injunction can be heard after notice to the defendant, is all that is necessary. In this way both parties can be heard before passing upon the application, and many times a serious mistake avoided. In addition, in case of an appeal, the appellate court will have something more before it than the naked ex parte allegations of the petition. There can be no possible objection to the course here suggested; and, in the interest of justice, it is earnestly to be desired that trial judges would adopt this course.

For the error indicated above the order of the district judge granting the temporary injunction is reversed and set aside, and an order here made by this court refusing the injunction.