## WARD CATTLE & PASTURE CO. v. CARPENTER. (No. 6748.)

(Court of Civil Appeals of Texas. Galveston. June 4, 1914. Rehearing Denied June 25, 1914.)

STATUTES (§ 120*)—TITLE AND SUBJECT-MATTER—AMENDATORY STATUTES—STOCK LAW.

While the title of an act amending the Revised Statutes sufficiently complies with Const. art. 3, § 35, relative to the title and subject-matter of statutes, if it refers to the number of the article to be amended, to allow any amendment germane to the subject treated in such article, the title of the act approved March 31, 1913 (Acts 33d Leg. c. 72), entitled "An act to amend article 7235, chapter 6, title 124, of the Revised Statutes of Texas, 1911, with reference to the mode of preventing * * * animals from running at large in counties named, so as to include" certain named counties, is insufficient to cover a provision excluding, from the operation of the stock law, Matagorda county, which was previously included; a title which states the purpose of the amendment being insufficient to sustain a provision which accomplishes a purpose directly contrary to that expressed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 168–172; Dec. Dig. § 120.*]

Appeal from District Court, Matagorda County; Sam'l J. Styles, Judge.

Injunction by the Ward Cattle & Pasture Company against William Carpenter. From judgment for defendant, plaintiff appeals. Affirmed.

Krause & Wilson, of Bay City, for appellant. Gaines & Corbett, of Bay City, for appellee.

PLEASANTS, C. J. This is a suit for injunction brought by appellant against the appellee to restrain him from impounding and selling, under the provisions of the stock law, cattle of appellant found running at large in a subdivision of Matagorda county in which it is claimed by appellee that the stock law is in force. An application for temporary injunction was heard by the trial court upon the petition and answer, and the injunction refused. This appeal is prosecuted from the order refusing to grant the temporary injunction.

The only question presented by the appeal is whether the stock law is in force in that portion of Matagorda county lying west of the Colorado river. The facts are as follows: On March 29, 1913, an election was held in said subdivision of Matagorda county, under the provisions of article 7235 of the Revised Statutes (1911), to determine whether or not stock should be permitted to run at large. The election resulted in favor of the stock law prohibiting the running at large of stock. The proclamation of the county judge declaring the result of the election was not issued until January 31, 1914; the delay in issuing such proclamation having been caused by injunction proceedings instituted by stockmen in said subdivision. At the time this election was held, Matagorda county was included in the list of the counties named in the article above cited which were authorized to hold such elections, and the validity of the election was upheld by this court on appeal in the injunction proceedings before mentioned. Holman v. Cowden & Sutherland, 158 S. W. 571. By an act of the Thirty-Third Legislature, which was approved March 31, 1913, and took effect June 30, 1913, article 7235 of the Revised Statutes was amended by including a number of counties not theretofore within the provisions of said article and excluding Matagorda county therefrom. Acts 33d Leg. c. 72. Appellee contends that this act is inoperative in so far as it excludes Matagorda county from the provisions of said article: First, because the caption of the act did not authorize such exclusion; and, second, because, the stock law having theretofore been adopted by a vote of the people in said subdivision of Matagorda county, it was not within the power of the Legislature to repeal said law in said subdivision. The caption of the act is as follows:

"An act to amend article 7235, chapter 6, title 124, of the Revised Statutes of Texas, 1911, with reference to the mode of preventing horses and certain other animals from running at large in counties named, so as to include Ochiltree, Moore, Sherman, Hansford, Henderson, Cameron, Hartley, Dallam, Concho, Pecos, Reeves, Wharton, Gonzales, Kerr, Kendall, Haskell, Young, Cottle, Hardeman and Hall counties, and declaring an emergency."

The Thirty-First Legislature passed an act amending the stock law and including therein the county of Matagorda. This was the first time Matagorda county was included in the provisions of the general stock law. Acts of 1909, c. 69.

The Thirty-Second Legislature (Acts of 1911, c. 94, p. 172) passed an act amending the stock law, as amended by the act of the Thirty-First Legislature. The caption of this act, after designating the acts proposed to be amended, states that said acts are to be amended "so as to exclude Wharton and Fort Bend counties and to include" several named counties. In the case of Holman v. Cowden & Sutherland, 158 S. W. 571, this court held that the caption of the act last mentioned did not authorize the exclusion of Matagorda county by said act from the operations of the stock law, and that that portion of the act excluding said county was inoperative and void. A writ of error was denied by our Supreme Court in that case and that decision is conclusive of the question presented in this case, unless the provisions of section 35, art. 3, of our state Constitution, are inapplicable to legislative bills amending articles of the Revised Statutes. It seems to be settled by decisions of our Supreme Court that the title or caption of an act amending an article of the Revised Statutes is sufficient if it refers to the number of the article to be amended, to allow any amendment germane to the subject treated in the article

referred to. This rule, which seems to have been adopted by our Supreme Court in deference to legislative construction of section 35, art. 3, of the Constitution of this state, and not because the court was of the opinion that such construction of the Constitution was sound, only goes to the extent of holding that a reference to the article of the Revised Statutes to be amended is a sufficient statement of the purpose of the amendatory bill. Gunter v. Texas Land Mortgage Co., 82 Tex. 496, 17 S. W. 840; Mortgage Co. v. Hardy, 93 Tex. 298, 55 S. W. 169. There is no authority which holds that a misleading statement in the caption of the amendatory bill as to the object of the bill will not invalidate such bill if the caption refers to the article of the Code or Revised Statutes to be amended. The caption of the act in question does more than refer to the article of the statute to be amended, and in addition to such reference states the object of the proposed amendment to be to add certain counties to those included in the article. Under this caption it seems clear to us the Legislature was not authorized to take counties from the article; in other words, to do the exact opposite of what the caption gave notice was intended to be accomplished by the amendment. One of the main purposes of the constitutional provision before referred to was to prevent surprise and fraud in legislation by requiring that the caption of every bill should reasonably apprise every legislator and others interested in the subject of the legislation of the purpose and object of the bill. There is just as much reason for the observance of these constitutional provisions in bills amendatory of articles of the Revised Statutes as in bills of other character, and, while our Supreme Court has held that the Constitution does not require more than a reference to the article to be amended, it has not held, and we do not believe will hold, that a caption like the one in question, which states the purpose of the amendment, will sustain provisions in the bill which accomplish a purpose directly contrary to that expressed in the caption.

We think the trial court correctly held that the bill in question was inoperative in so far as it excluded Matagorda county from the operation of the stock law. This conclusion renders a discussion of the other questions presented unnecessary.

We are, however, inclined to the opinion that as the stock law did not become operative in the territory in which the election was held until the issuance by the county judge of his proclamation declaring the result of the election, if, prior to the issuance of the proclamation, the law authorizing Matagorda county to hold such election had been repealed by a valid act of the Legislature, no proclamation by the county judge could have been legally issued because of the repeal of the law authorizing its issuance, and therefore the stock law would never have been in force in the subdivision in which the election was held.

We are of opinion that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.