Appellee sued appellant to recover commissions alleged to be due for the sale of certain lands listed with appellee for sale. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered for appellee in the sum of $3,132.27, with legal interest from January 1, 1916, amounting in the aggregate to $3,403.72.
It is not clear from the brief of appellant when the terms of the district court of Edwards county were held under the law in force previous to the act of March 9, 1917, which created the eighty-third district and changed the times of holding court in Edwards county, but by an inspection of the old and new laws, to which we are referred by the brief of appellee, we ascertain that Edwards county was formerly a part of the Thirty-Eighth district, and held its terms in June and December of each year. The act of March 9, 1917, provided for terms in *Page 334 
Edwards county on the last Monday in January and August of each year. The law went into effect from date, and it is apparent that under its provisions only one term of court could be held in Edwards county during the year 1917, and there is some difficulty in determining how holding a term in June under the old law would give two terms, unless another term was held under the new law in August or under the old law in December, and then begin on the new law in January, 1918. However, this is not the question before this court.
If the term of court could be held in Edwards county under the old law, the fact that it might deprive Pecos county of a part of its term under the new law is a matter of no importance, because if Edwards county was entitled to the term under the old law, the only question that could arise in this case would be met. The only question before this court is as to the validity of the term of court held in Edwards county. This question is answered in the affirmative by the case of Bowden v. Crawford, 103 Tex. 181, 125 S.W. 5. We overrule the first assignment.
The second and third assignments of error are overruled. We fail to see the pertinency or materiality of the testimony excluded by the court. Appellant did not state that appellee claimed to own the Benton place, and if he had made such claim, if appellant had listed his property with appellee, as the latter testified and agreed to pay him a commission to sell the same, what he might have done if he had known that the place which appellee showed him belonged to some one else would be immaterial. Appellant admitted that appellee told him when they were about halfway to the land that it belonged to Benton, and still he went on and looked at the place and negotiated with Benton. The testimony excluded would not have thrown the least light on the transaction. Whether appellant knew that appellee was a land agent or not, he must have known that he was seeking to obtain remuneration for his services, or he would not have been calling him on the telephone and taking him out in automobiles to look at lands. The testimony clearly showed that appellant had made appellee his agent to sell the lands, that he procured purchasers, and that appellant sold to them. Appellee swore to the agency, and he was corroborated by Williams, Benton, Henry, and Wardlaw. Several of appellant's witnesses testified to matters that tended to show that he had employed appellee to sell his land.
The testimony of J. A. Winn, which the court excluded, was testified to by him, in substance and effect, several times in his testimony, and the exclusion of the evidence, set out in the fourth assignment, could not, by any possible means, have injured appellant. The testimony of Winn, which shows that the exclusion of the evidence was harmless, is in part set out in the brief of appellant. If appellee was the agent, he was undoubtedly the procuring cause of the sale, whether Winn thought he induced him to buy or not. Winn swore that appellee never talked to him about the land and had no connection with the sale, and he could add nothing to that testimony.
The only objection urged to the testimony made the basis of the fifth assignment was that appellant was not present; that it was self-serving, and the agency of the plaintiff was not admitted, but denied, and the evidence was prejudicial. The first proposition is that, the agency being an issue, it was error to admit the declarations of the agent that the land was listed with him for sale. The bill of exceptions fails to show that such testimony was offered by appellee or objected to by appellant. The second proposition is that the evidence was hearsay and inadmissible. No such objection was made to the evidence, and the proposition has no basis.
The sixth assignment of error is too general and indefinite to be considered, and is not followed by any propositions.
The evidence of Benton is attacked in the seventh assignment of error on the ground that it was self-serving and prejudicial to defendant. How it was self-serving and prejudicial does not appear from the assignment or the propositions under it; in fact, the propositions are not germane to the assignment or supported by it.
The eleventh assignment of error complains of the exclusion of testimony of J. A. Winn that Cloudt had never said anything to him about having any connection with Gilmer. No one said that he had, and the testimony was clearly inadmissible. However, Winn testified, in substance, to the same matters which are claimed to have been excluded, for he stated: "Mr. Cloudt did not at any time, in my presence, say anything to Mr. Strachbein about a commission to Gilmer on this deal to me. Mr. Cloudt never at any time claimed to be representing Gilmer and helping him sell the land to me."
The thirteenth assignment of error complains of the admission of a conversation between appellee and A. J. Williams, which was objected to on the ground that it was hearsay and self-serving. The conversation between Williams and appellee was in regard to a conversation Williams had with appellant through a telephone, and appellee asked Williams and was told what Strachbein had said. The same conversation was detailed by Williams without objection on the part of appellant. While the evidence objected to should not have been admitted, still, in view of the testimony of Williams, we do not think appellant was injured by the admission of the conversation between appellee and Williams, as detailed by appellee. *Page 335 
Appellant, among other things, sought a new trial on the ground of newly discovered evidence of J. A. Winn and Frank Cloudt, to the effect that appellee had, before he instituted his suit, proposed to them that they should help him "skin old Strachbein out of a commission," and that in consideration for their help appellee would pay them out of any amount recovered from appellant the sum of $500. This suit was filed in May, 1916, and was tried in June, 1917; the two witnesses named had been willing, loyal, and helpful witnesses for appellant, and were thoroughly and exhaustively examined during the trial, and yet within two days after judgment was rendered the two witnesses disclosed some remarkable testimony which they had kept locked in their bosoms up to that time. The affidavits were denied by appellee, and the court heard the contest and decided against appellant. The court had the witnesses before him, and was in a good position to decide whether the affidavits were probably true, and it is so improbable that, if the affidavits were not a fabrication, the substance of them would not have at once been communicated to appellant that the court was justified in refusing to grant the motion for new trial. The rules as to new trials on the ground of newly discovered evidence are that the evidence has been discovered since the trial, and could not by reasonable diligence have been sooner discovered, that it is not merely cumulative, and that it was not for the purpose of impeachment. The lack of diligence is apparent, and the evidence could have no object except the impeachment of appellee. The granting of new trials for newly discovered testimony is largely a matter of discretion with the trial judge, and in order for an appellate court to revise the action of the trial court, there must appear a clear abuse of such discretion. Kaack v. Stanton, 51 Tex. Civ. App. 495, 112 S.W. 702; Railway v. Clifford, 148 S.W. 1163. It was a singular circumstance that both of the witnesses swore that they had not told about appellee's proposition because they thought "it was too bad to tell."
The evidence is ample to sustain the verdict of the jury. Appellee did the work for appellant; he procured parties willing, ready, and able to purchase, and they purchased. Appellant received the benefit of the labors of appellee, and the jury very properly required him to pay for the services.
The judgment is affirmed.
 On Motion for Rehearing.
The eighth assignment of error is not followed by propositions or statement. A reference to the record for a statement is not a compliance with the rules for briefing, as has been often held. It is not disclosed in the assignment of error who testified to the matters to which objection was taken, and what was objected to is not shown by any statement taken from a bill of exceptions.
The ninth assignment of error fails to disclose what the conversations with Benton were, and it is not disclosed in any statement; there being none. It is not followed by a proposition. If there were anything in either of them to require any consideration, it was disposed of under the sixth and seventh assignments.
The evidence objected to in the tenth assignment of error is without merit. It could not have injured appellant; but, if it could, the same evidence was given by other witnesses without objection. Appellant did not deny raising the price of the land from $5.25 to $5.50 an acre. Getting the assistance of Cloudt to sell to Winn was testified to by Cloudt, as well as appellee, and without objection. Appellant did not deny, as was stated by Cloudt, that he refused to furnish an abstract of title. Cloudt swore that he wanted Winn for a neighbor, as testified by appellee. In fact, in substance, the whole of appellee's testimony to which objection was urged was testified to by Cloudt and other witnesses without objection on the part of appellant. The tenth assignment is without merit.
The motion for rehearing is overruled.