SOUTHWESTERN PORTLAND CEMENT CO. v. MORENO. (No. 94–2916.)

(Commission of Appeals of Texas, Section A. 1919.)

1. PLEADING ⊛➾129(2)—ADMISSIONS BY FAIL-URE TO DENY VERIFIED PLEADING.

In an action against a master for personal injuries, where plaintiff alleged that defendant was a private corporation and at the time of the injury had more than five persons in its employ, and such allegation was not denied by defendant, the fact that defendant employed five persons, etc., stood admitted under Verified Pleading Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1829a, 1829b), and in view of Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246o) abolishing the defense, assumed risk was not available to the defendant.

2. MASTER AND SERVANT ⊛➾278(3)—PERSONAL INJURIES — SUFFICIENCY OF EVIDENCE OF NEGLIGENCE.

In an action against a master, evidence held to sustain a finding that an explosion causing injury was caused, as alleged, by the negligence of defendant in permitting the accumulation of coal dust and other combustible substances in the room where plaintiff was at work.

3. EXPLOSIVES ⊛➾7—PROOF OF CAUSE OF EXPLOSION.

A cause being shown which was calculated to produce an explosion, it was a warrantable inference, in the absence of a showing of other causes, that the one shown was the operating agency in bringing about the result.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Juan Antonio Moreno against the Southwestern Portland Cement Company. There was a judgment of the Court of Civil Appeals (181 S. W. 221), affirming a judgment in favor of plaintiff, and defendant brings error. Affirmed.

S. P. Weisiger, of El Paso, for plaintiff in error.

F. G. Morris and Sam B. Gillett, both of El Paso, for defendant in error.

STRONG, J. The plaintiff, Moreno, was injured while in the service of the defendant company by an explosion in its cement plant, and brought this action to recover damages, alleging that the explosion was caused through the negligence of defendant in permitting the accumulation of coal dust and other combustible substances in the kiln room of the plant where he was at work. The defendant answered generally, denying the allegations of negligence, and specially pleaded the defense of assumed risk. The trial in the lower court resulted in a verdict and judgment for plaintiff, which was affirmed by the Court of Civil Appeals. 181 S. W. 221.

[1] The Supreme Court in granting the writ of error entertained the view that the trial court erred in that portion of his charge relating to the issue of assumed risk. An examination of the record discloses that the injury complained of occurred on the 2d day of May, 1914. The act of the Thirty-Third Legislature, commonly known as the "Workmen's Compensation Act" (Acts Regular Session, p. 422 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246o]), which took effect September 1, 1913, abolishes the defense of assumed risk, except in case of domestic servants, farm laborers, employés of a railroad operating as a common carrier, laborers engaged in working at a cotton gin, and employés of any person, firm, or corporation having in his or their employ not more than five employés. The case was tried under the Verified Pleading Act of 1913 (Acts 33d Leg. c. 127 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1829a, 1829b]). The plaintiff alleged in his petition that the defendant was a private corporation, and at the time of the injury complained of was engaged in the manufacture of cement, and had more than five persons in its employ. This allegation was not denied by defendant, and under the above practice act the facts stated therein should be taken as confessed. It thus appears affirmatively from the record that the defense of assumed risk was not available to defendant, and therefore any error in the charge of the court submitting that issue becomes immaterial.

It is contended under other assignments that there is no evidence to support the finding of the jury that the explosion was caused

by the negligence alleged in the petition. The testimony tending to throw light upon the cause of the explosion is as follows:

Plaintiff testified:

"I was passing by the door when the explosion occurred, when I was right opposite the motor. The grinder is in the direction where the explosion came out from. I don't know how they dried the coal. I didn't see any fire in there where the dryer was. I don't know the conditions of the room where the dryer and mixer were, with reference to dust. I have seen it there before the explosion; there was dust in the room, dust all over there. I did not know that conditions of a room like that filled with coal dust, as I have described, was dangerous."

The witness Binford testified:

"I am secretary and superintendent of defendant company, and am familiar with the place where plaintiff was injured. At the place where he was injured, the building is in the same condition as it was at the time when his injuries occurred. I don't believe there has been any change in that part of the building since that time. I was not in town at the time the accident occurred. Personally, I know nothing of the accident, nor as to where it occurred, except from the reports. I have a copy of the report of the accident. So far as I know, the physical conditions are the same in that part of the building where he was injured. The dryer is on the ground floor, and the grinder is on the same floor. * * * A coal grinding plant is one of the parts of a cement plant that has always received a great deal of attention, because of the extreme fineness to which we have to pulverize the coal. * * * It causes more or less trouble because the coal available in this country is a semibituminous or heavy lignite coal, and it has a tendency to fire, after being pulverized, quicker than some other coal. * * * Coal, in itself, without being mixed with air, or other conditions, is not explosive by itself; in other words, the coal could be ground and laid upon the floor and lay there without being disturbed or mixed with air and would not explode, but it is the surrounding conditions, the mixture of certain air and gases, that causes it to explode. There is a small stoker fire under the dryer, which is fed by an automatic stoker."

Oliver Dawson, who qualified as a chemical engineer, testified:

"I heard the testimony of the plaintiff. I casually examined the grinder. It is my opinion, based upon my experience and knowledge, that the conditions under which the grinding of the coal there were not safe, because the carbon-laden air was in contact with a possible ignition. The ignitial source of danger was the coal pulverizer. I do not say that the conditions when I saw it were the same as when the accident occurred. I only say that if the conditions were the same, it was not safe."

[2, 3] While there was no direct testimony as to the cause of the explosion, we think the jury could legitimately conclude from the facts and circumstances in evidence that it was caused by the negligence of defendant in permitting the accumulation of coal dust and other combustible substances in the room where plaintiff was at work. There was no testimony to account for the explosion in any other way. A cause being shown which was calculated to produce the explosion, it is a warrantable inference, in the absence of a showing of other causes, that the one shown was the operative agency in bringing about the result. Book v. Fellman Dry Goods Co., 212 S. W. 635; Lunde v. Packing Co., 139 Iowa, 701, 117 N. W. 1068.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.