SMITH v. MOORE et al. (No. 980.)

(Court of Civil Appeals of Texas. El Paso. May 15, 1919. On Rehearing, June 12, 1919.)

1. JUDGMENT ⬤⟳326 — CORRECTION — NUNC PRO TUNC.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2015, providing that the judge may on notice correct a judgment according to the truth and justice of the case, the court may correct a judgment entry nunc pro tunc, so as to make it show that the cause was determined as to all parties who joined issue.

2. JUDGMENT ⬤⟳315—AMENDMENT—SOURCE— NECESSITY OF MEMORANDUM.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2015, does not require the existence on the court's records of some written memorandum or evidence showing the judgment actually rendered, in order to correct a judgment entry to make it speak the truth.

Error from District Court, Jones County; John B. Thomas, Judge.

Suit by R. D. Smith, as next friend of Sarah J. Moore, an incompetent, revived, on the death of the incompetent, in the name of Mrs. T. E. Smith, as administratrix, against Mrs. R. D. Moore and others. Judgment for defendants, and plaintiff administratrix brings error. Affirmed.

J. W. Moffett, of Abilene, and Eugene De Bogory, of Dallas, for plaintiff in error.

Sleeper, Boynton & Kendall and Marshall Surratt, all of Waco, Kirby & Davidson, of Abilene, and Chapman & Pope, of Anson, for defendants in error.

Statement of Case.

WALTHALL, J. This suit was originally brought by R. D. Smith, as next friend of Sarah J. Moore, who, he alleged, was a non compos mentis, and had been such from infancy, to annul and set aside two deeds made by her, one to R. D. Moore and one to Margaret K. Moore, conveying certain lands, to recover said lands from defendant in error herein. Sarah J. Moore died pending the suit, and T. E. Smith, wife of said R. D. Smith, joined by her said husband, thereafter appeared and filed herein her petition as administratrix of the estate of Sarah J. Moore, asking that she be permitted to prosecute said suit.

Defendant in error thereupon filed her second amended answer, denying that Sarah J. Moore was non compos when she executed said deeds, and specially averring in substance that, after said deeds were made, R. D. Moore, since deceased, conveyed to Sarah J., in settlement and payment of the note which he had given her for her interest in said lands, a one-half interest in the Delk survey of 474.7 acres of land, and conveyed the other half interest therein to her husband, R. D. Smith, taking his notes therefor, and that he gave said notes to Sarah J. Moore (she being his sister); that shortly thereafter Sarah J. Moore made a deed of gift to her interest in said land to T. E. Smith, plaintiff in error herein, and released to R. D. Smith, without consideration, the vendor's lien retained in said notes, and that thereafter the Wooten Grocery Company acquired R. D. Smith's one-half interest in said land—and made said grocery company a party, and prayed in the alternative that in the event the court should find that said Sarah J. Moore was non compos when she executed said deeds to R. D. Moore and Margaret K. Moore, and annul them, that she recover of said T. E. Smith, R. D. Smith, and said Wooten Grocery Company the said Delk survey, which was the consideration paid by R. D. Moore for Sarah J. Moore's interest in the land he bought from her.

The Wooten Grocery Company appeared and joined issue with this defendant in error on her cross-bill, and not in any way joining in the issue between plaintiff in error and this defendant in error as to the validity of said deeds, or in any other respect.

The case came to trial in the district court on the 19th day of January, 1914, and

---

the court submitted the case to the jury on two special issues, as follows:

Special Issue No. 1: "Did Sarah J. Moore, at the time of the signing of the deed from herself to Margaret K. Moore on April 30, 1881, have sufficient mental capacity to execute said deed, as mental capacity is defined in paragraph (b) of this charge?"

Special Issue No. 2: "Did Sarah J. Moore, at the time of signing of deed from herself to R. D. Moore, to wit, December 13, 1889, have sufficient mental capacity to execute same, as mental capacity is defined in paragraph (b) of this charge?"

The jury returned their verdict, and answered each one of said special issues, "Yes." Thereupon the court rendered judgment that the plaintiff take nothing as to the defendant Mrs. R. D. Moore, and that said defendant take nothing on her cross-bill against said Wooten Grocery Company; but in the entry of said judgment, by oversight, it was alleged, no disposition was made as to said Wooten Grocery Company.

Plaintiff in error thereupon filed her motion for a new trial, which, being overruled, she gave notice of appeal, which she perfected to the Ft. Worth Court of Civil Appeals; the transcript and statement of facts being filed therein on May 14, 1914, and the cause being numbered on the docket of that court No. 8050. In September thereafter appellant filed motion in that court to dismiss said appeal, which the court granted, and dismissed said appeal, October 17, 1914.

A short while before the one year expired after the rendition of said judgment, plaintiff in error herein filed her petition for writ of error in the court below from said judgment rendered therein, and, after much delay, removed said cause to the Ft. Worth Court of Civil Appeals by writ of error; the transcript and statement of facts being filed in that court on the 31st day of July, 1915, and said cause being numbered on the docket of that court 8315. Thereafter that court, on November 30, 1915, dismissed said writ of error on motion of the defendant in error, on the ground of plaintiff in error's laches in prosecuting said writ in the lower court.

Thereafter, on July 29, 1916, plaintiff in error filed her motion in the lower court to have said cause set down for trial, basing said motion on the ground that the judgment theretofore entered therein made no disposition of the defendant H. O. Wooten Grocery Company. Said motion remained upon the docket of said court until the January term, 1918, thereof, when, on the 4th day of February, 1918, the defendant in error filed her opposition to said motion, because the case had been theretofore tried and final judgment entered therein, and, in the alternative, if in the opinion of the court the judgment entered was not final, moving the court to amend the same and render its judgment nunc pro tunc, disposing of all the issues and all the parties thereto, which was filed the 4th day of February, 1918.

Said motion was heard by the court below on February 4, 1918, and on the 9th day of February the court below entered its judgment overruling the plaintiff in error's motion to set down the case for trial, and entered judgment nunc pro tunc, amending its former judgment entered so as to dispose of all the parties and issues in said cause, including the said defendant H. O. Wooten Grocery Company, to which act and ruling of the court the plaintiff in error excepted, and has brought the case to the Court of Civil Appeals by writ of error. By order of the Supreme Court the case has been sent to this court for trial.

### Opinion.

[1] The one question presented by the record, but presented and discussed by plaintiff in error under four assignments of error, is whether or not it was error for the trial court to refuse to retry the case on its merits, and in amending and correcting in open court its former judgment therein, so as to dispose of the defendant H. O. Wooten Grocery Company, and entering such corrected or amended judgment nunc pro tunc, as appears in the record.

Article 2015, Vernon's Sayles' Texas Civil Statutes, provides that:

"Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended."

The provisions of the quoted article seem to fit the conditions presented here. The case is similar to the question discussed on the motion for rehearing in the case of Moore et al. v. Toyah Valley Irrigation Co., 179 S. W. 550. In that case Chief Justice Harper, for this court, said:

"It is thus seen that the trouble in this case is, not that the court did not render a final judgment, but that it failed to enter a final judgment. The latter being the case, it is clear, under the numerous authorities, that the court has authority to correct its minutes, so as to show the judgment actually rendered."

The purpose of the Legislature in enacting the quoted article of the statute, evidently, was to meet just such conditions as are presented here. The judgment finally entered by the trial court states the proceedings had leading up to the final disposition of the case. It shows the announcement of ready of all parties and a trial had on the merits, the jury returning a verdict on the special is-

sues presented, the judgment of the court pronounced thereon, and the only thing suggested as preventing the judgment so announced and entered upon the minutes from being effective as a final judgment is the omission, from the judgment entry, to dispose of the Wooten Grocery Company. The judgment entered recites:

"The court thereupon rendered judgment upon said special issues, refusing, as prayed for by the plaintiffs in the case, to cancel and hold for naught and set aside the deeds above referred to, * * * and also held that the said Mrs. R. D. Moore should take nothing by her suit against H. O. Wooten Grocery Company, as a necessary result of the verdict and judgment and the prayer in her petition," etc.

The only effect of the failure to record as a part of the judgment of the court the rendered judgment as to the Wooten Grocery Company, where the judgment entry was corrected as in this case, was to postpone the entry of the final judgment until the judgment entry was corrected in open court as provided by the statute. A failure, through mistake, to write into the judgment entry the disposition in fact made by the trial court, would necessarily have the effect to set aside the trial had in the case, as is claimed by appellant. But the effect of the correction of the mistake in the omission to dispose of the Wooten Grocery Company by the entry of a final judgment, as provided in the statute, prevents such result. That is the purpose and effect of the statute.

It is insisted that there was no proper or sufficient evidence adduced to show that the trial court in fact originally announced its judgment as to the Wooten Grocery Company; that there is no order or entry, found anywhere in any book or record required by law to be kept, showing a final disposition made of the Wooten Grocery Company, and hence the nunc pro tunc entry of judgment was not authorized. The Wooten Grocery Company was a party defendant to the suit and filed an answer. In support of one of her bills of exception, plaintiff introduced in evidence (as stated in the bill of exceptions) the minutes and trial docket of the court, to the effect and showing that no order or judgment was entered disposing of the Wooten Grocery Company, and such fact is inferred from the motion to enter judgment nunc pro tunc disposing of that party.

[2] The contention of appellant is that the court records themselves, as introduced, must show the fact that judgment was in fact announced or rendered, if not entered, disposing of the Wooten Grocery Company, to justify the entry of the judgment now for then. We do not concur in the contention made. In the first place, the statute quoted above places no such limitation upon the power of the court to correct its own judgment. The

following authorities, we think, clearly hold that the court, in correcting a mistake in the record of its judgment, and acting in conformity to the provision of the statute, may do so in the absence of any written memorandum or evidence found in the court's records: Ft. Worth & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Partridge v. Wooten, 63 Tex. Civ. App. 280, 137 S. W. 412. See, also, Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040. In the Partridge v. Wooten Case, Chief Justice Conner, of the Ft. Worth Court, uses the following language:

"While some authorities, including some of the earlier decisions of our own courts, seem to support appellant's contention, we think it now settled in this state that in the correction of a judgment, as authorized by the Revised Statutes of 1895, art. 1356 [now 2015], the court may act upon its own recollection of a judgment, or upon such legal evidence, oral or otherwise, as to the court may seem proper."

In the absence of an affirmative showing to the contrary, we must presume that the court acted upon sufficient evidence to sustain the entry of the nunc pro tunc judgment.

The record before us presents no reversible error, and the case is affirmed.

HARPER, C. J. (concurring). This is is an appeal from the judgment, or nunc pro tunc order correcting a judgment theretofore entered, in the above-styled cause. From the transcript, the following history of the case is taken:

The suit was filed by R. D. Smith, as next friend of Sarah J. Moore, to set aside two deeds to lands, made by the latter to R. D. and Margaret K. Moore, upon the ground that Sarah J. Moore was non compos mentis. After the latter's death the suit was prosecuted by T. E. Smith as administratrix. The grantees, R. D. and Margaret Moore, executed notes and a deed of trust upon the lands to secure their payment, and the Wooten Grocery Company, having acquired these notes, were made party defendant.

Upon the trial, in 1914, judgment was entered refusing cancellation of the deeds, but making no reference to, or affirmative disposition of, the Wooten Grocery Company. July 29, 1916, appellants filed a motion to set the cause down for trial upon the grounds that no final judgment had been entered, because all parties defendant were not disposed of. Whereupon appellees filed their motion to enter judgment nunc pro tunc disposing of all issues and parties. Whereupon, February 9, 1918, the court entered its judgment containing order overruling the motion to set the case for trial, and entered its judgment nunc pro tunc correcting the original judgment to the effect that appellants take nothing against the Wooten Grocery

Company. From which it comes to us by appeal.

There is no statement of facts in the record, nor finding of facts by the trial court. The first two assignments complain that it was error for the court to overrule the motion to set the case down for trial on its merits because:

"There had been no trial upon the merits, no final judgment, no verdict of a jury, nor order or judgment of the court entered upon the minutes of the court on trial docket affecting or disposing of the Wooten Grocery Company."

The other assignments charge error in the entry of the nunc pro tunc order appealed from upon the ground: (1) That it was shown by the records of said court and the evidence adduced herein that no judgment was rendered by the court or entered upon the minutes affecting or finally disposing of the Wooten Grocery Company, etc. The other reasons are substantially the same as those given under the other assignments.

It is apparent that such assignments cannot be considered without a statement of facts or finding of facts; for, in the first place, for all this record discloses, the original judgment was final, because the Wooten Grocery Company was disposed of by necessary implication. Trammel v. Rosen, 106 Tex. 132, 157 S. W. 1161. And a bill of exceptions does not supply the office of a statement of facts, however full its recital of facts may be. Holmes v. Coalson, 178 S. W. 628.

I therefore concur in the affirmance, but upon the ground that the record is insufficient to enable us to consider the errors assigned.

### On Rehearing.

WALTHALL, J. On motion for rehearing our attention is called to an error in our opinion in stating what the record shows occurred in the trial court after the verdict of the jury was returned. We said:

"The court rendered judgment that * * * defendant take nothing on her cross-bill against said Wooten Grocery Company."

The original judgment sought to be corrected and amended does not so state, as, had it done so, there would be no need to correct the judgment disposing of the Wooten Grocery Company. Our opinion was not based on the judgment containing the recitation of that fact. We have again reviewed the authorities to which we are referred by plaintiff in error, and are still of the opinion that they do not sustain the contention there made. The nunc pro tunc judgment here was evidently entered under article 2015, Vernon's Sayles' St., quoted in the opinion, and not under article 2016, construed in the cases used by plaintiff in error in her brief. The articles are different in their provisions and purposes, as will be seen by a reference to them.

With the exception of the correction above, the motion is overruled.