## GLOBE INDEMNITY CO. v. BARNES et al.
### (No. 2615.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1926.)

1. **Statutes ⚖117(8)—Act purporting to repeal right to writ of error to district court in civil cases unconstitutional because failing to indicate purpose in caption.**

Acts 39th Leg. (1925) c. 18, amending Rev. St. 1911, art. 2078, and omitting provision contained in former article for writ of error in Court of Civil Appeals to final judgments of district and county courts in civil cases, *held* unconstitutional for failure to indicate in caption purpose to repeal right to writ.

2. **Appeal and error ⚖2—Right to writ of error not affected by enactment subsequent to time of filing.**

Right to a writ of error to a district court, filed before the taking effect of Rev. St. 1925, is not affected by the provision of the final title repealing all statutes not expressly continued in force by that revision, although provision for writ was not expressly continued in force.

3. **Statutes ⚖105(2)—Final title of revision providing that no law be void for defect of caption is invalid.**

The provision of Rev. St. 1925, Final Title, § 22, that no law be void because its caption when enacted was defective, is invalid, in view of Const. art. 3, § 35; Legislature having no power to ignore constitutional provisions.

Error from District Court. Donley County; R. L. Templeton, Judge.

Action between the Globe Indemnity Company and E. O. Barnes and others. From the judgment, the party first named brings error. On motion to dismiss. Motion overruled.

Thompson, Knight, Baker & Harris and Adair Rembert, all of Dallas, for plaintiff in error.

Cole & Simpson, of Clarendon, and Sleeper, Boynton & Kendall, of Waco, for defendants in error.

RANDOLPH, J. This cause was brought to this court on petition for writ of error filed with the clerk of the district court of Donley county, Tex. The defendants in error have filed a motion to dismiss the writ of error proceedings in this court for the reason that an appeal to the Court of Civil Appeals by writ of error is not provided, and was not so provided by the laws of Texas when the petition for writ of error was filed. In other words, that article 2078 of the Revised Civil Statutes 1911, providing for appeal by the filing of writ of error petition, was repealed by the Thirty-Ninth Legislature; hence, such method of appeal no longer exists.

[1] Article 2078, Revised Civil Statutes of Texas 1911, provides as follows:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

During the regular session of the Thirty-Ninth Legislature the following act was passed:

"H. B. No. 20, C. 10.

"An act to amend article 2078, of the Revised Civil Statutes of 1911, to provide for appeals from orders granting motions for new trials, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section A. Article 2078 of the Revised Civil Statutes of 1911 is hereby amended so as hereafter to read as follows: An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs, and providing further that an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final.

"Sec. B. The fact that injustice is done in numerous cases by the erroneous granting of new trials creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days by each house be suspended, and said rule is hereby suspended, and this act shall take effect and be in full force from and after its passage, and it is so enacted."

"Acts Reg. Sess. Thirty-Ninth Leg., p. 45.

The wording of the body of this act varies in two respects from the wording of article 2078, as attempted to be amended. The purported amendment leaves out "or writ of error," and adds the provision for appeals from orders granting new trials.

The questions presented by this motion have, in part, been passed on by the Courts of Civil Appeals at Eastland and San Antonio, and like motions are pending in several of the other Courts of Civil Appeals. In the case of Humble Oil & Refining Co. v. Andrews, 279 S. W. 300, the Eastland Court determined the matter adverse to the motion upon various grounds. But, in the opinion of Chief Justice Fly of the San Antonio Court, the decision is rested upon the unconstitutionality of the act by reason of the defective caption. We have a duly certified copy of that opinion, rendered in the case of J. L.

Chapman v. G. R. Morrison et al., 278 S. W. 236, in which Judge Fly, discussing the caption of the act, holds that it is unconstitutional because:

"No reference whatever is made to changing the article so as to destroy an important privilege of the citizen enjoyed by him ever since the state came into existence. If it was the intention to destroy that privilege, then the statute is clearly unconstitutional, in that the title does not state that the act was passed to destroy the right to a writ of error and only allow the right of appeal. Const. art. 3, § 35."

Supporting this view, counsel for appellants cite Holman v. Cowden (Tex. Civ. App.) 158 S. W. 571; Ward Cattle & Pasture Co. v. Carpenter (Tex. Civ. App.) 168 S. W. 408; Arnold v. Leonard (Tex. Sup.) 273 S. W. 803.

Under authority of the cited cases and of the decision of Chief Justice Fly above quoted and of the Eastland court, we hold that the act in question is unconstitutional because of the failure to indicate the purpose in the caption of repealing the right to a writ of error.

[2] Counsel for appellant, in support of their motion to dismiss, call our attention to the fact that section 2 of the final title of the Revised Statutes of 1925 contains the following repealing provision: .

"All civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

It is contended by appellees that, wholly independent of H. B. No. 20, article 2078 was expressly repealed by the above provision. This cannot be made to apply to the question before us here, for the reason that the petition for writ of error, the bond, and all waivers of service of citation thereon, were filed in the district court of Donley county before such provision was operative. The writ, the bond, and the waivers of citation were all filed on the 31st day of August, 1925, and the Revised Statutes of 1925 did not go into effect by its own express provisions until the 1st day of September, 1925. Hence the appeal by such proceedings .was perfected, and the jurisdiction of this court had attached. In contemplation of law, the case was already here, and such repeal could not divest this court of its jurisdiction.

[3] It is further contended that the argument that the caption is defective for such defect is not tenable because section 22 of the Revised Civil Statutes 1925, final title, provides that: .

"No law herein shall be held to be void because its caption, when enacted, was in any way defective."

In view of article 3, § 35, of our state Constitution, expressly providing that "No bill * * * shall contain more than one subject, which shall be expressed in its title," the Legislature had no power to validate a defective caption by such a general provision. If they had the power to thus avoid the statutory requirements, as contained in this article of the Constitution, they would have the power to ignore all other provisions.

The motion to dismiss is overruled.

JACKSON, J., not sitting.