**GREEN v. GREEN et al. (No. 7497.)** *

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1926. Rehearing Denied March 31, 1926.)

On Motion to Dismiss.

**1. Appeal and error** ☞2.

Acts 39th Leg. (1925) c. 18, amending Rev. St. 1911, art. 2078, and omitting provision for writs of error, but referring thereto in the title, *held* not to destroy right to writ of error.

On the Merits.

**2. Pleading** ☞228.

Upon special exception, loose pleading of claim for affirmative relief in answer will be required to be more definitely stated.

**3. Dismissal and nonsuit** ☞81(2).

Trial court has jurisdiction and power to hear motion to reinstate case, in which defendant has prayed affirmative relief and which has been dismissed on motion of plaintiff.

---

**4. Appeal and error ⬤⟹154(4)—Plaintiff allowing reinstatement of case and default judgment for affirmative relief prayed by defendant, without protest, held precluded from relief on writ of error.**

Where case, after dismissal on plaintiff's motion, was reinstated and default judgment entered giving defendant affirmative relief prayed, after full notice to plaintiff, but without any appearance or protest, plaintiff *held* precluded from any relief by writ of error, notwithstanding apparent lack of equity in defendant's motion to reinstate.

Error from District Court, Gonzales County : Lester Holt, Judge.

Suit by Mrs. E. T. Green against W. B. Green and others. The suit was dismissed on motion of plaintiff. Subsequently it was reinstated on motion of defendants, and affirmative relief prayed by defendants was granted. Plaintiff brings error. Motion to dismiss overruled. Judgment affirmed.

Emmett B. Cocke, Ben H. Kelly, and A. L. Matlock, all of San Antonio, for plaintiff in error.

W. H. Blanton, of San Antonio, Midkiff & Green, of Gonzales, and Taliaferro, Cunningham & Moursund, of San Antonio, for defendants in error.

### On Motion to Dismiss.

COBBS, J. [1] Defendants in error move to dismiss this cause for want of jurisdiction on the ground that prior to the filing of the petition for writ of error the Legislature had passed chapter 18 of the General Laws of the Regular Session of the Thirty-Ninth Legislature, amending article 2078 of the Revised Civil Statutes of 1911, so as to omit the right to procure revision by means of writ of error, and which act had gone into effect 90 days after March 19, 1925, and was therefore in full force and effect prior to the filing of the petition and bond herein.

This contention cannot be sustained. A similar motion was made in the case of J. L. Chapman v. G. R. Morrison et al., 278 S. W. 236, opinion delivered December 9, 1925. The opinion was delivered by our Chief Justice, Fly. So convincing is that opinion that it was cited with approval and specially followed by the Amarillo Court of Civil Appeals in Globe Indemnity Co. v. E. O. Barnes, 280 S. W. 275. The opinion of that court was delivered on the 13th of January, 1926, by Justice Randolph. Justice Randolph refers to opinions of other Courts of Appeals, not seen by us, holding the same view and overruling all such motions. So these holdings preserve intact the right to bring up by writs of error such causes, as though the article had not been amended.

The motion to dismiss the writ of error for want of jurisdiction is therefore overruled.

### On the Merits.

Suit was originally brought by plaintiff in error against defendants in error, as a partition suit against the children of her deceased husband, based upon allegations of an ownership in her of one-half of the property described in her petition, which she alleged was community property of the estate of herself and her deceased husband, and an ownership by the children of the other half.

It was alleged defendants in error were in the possession of all property except the homestead, which was excluded from the suit. Plaintiff in error alleged ownership of accounts, notes and bonds by her husband and their collection, and asked a division of proceeds, etc., and attacked certain deeds by her husband to his son, W. B. Green.

The defendants in their amended answer, after a general demurrer and general denial, specially pleaded that the property sought to be partitioned was the separate property of their father, and was devised to them by him by his will, which was duly probated, and a copy of which was set out. They also pleaded certain deeds by their father to W. B. Green. They then alleged an election by the plaintiff to take under the will of their father, and that by reason thereof she was bound thereby and estopped to claim that she had any interest in the property bequeathed and devised to them by the will. The prayer was as follows:

"Wherefore, defendants pray judgment of the court that plaintiff take nothing by her said suit, and that they go hence without day and recover of plaintiff all costs in this behalf expended. Defendants further pray that they be quieted in their title and possession of the property involved in this suit, and for such other and further relief, special and general, in law and in equity, to which they may show themselves entitled, etc."

The plaintiff replied with a long supplemental petition, consisting of demurrer, general denial, special denials, attacks upon the deeds pleaded by defendants, denial of election to take under the will, and of the execution of a receipt pleaded by defendants as a part of their plea of acceptance by her under the will. She then undertook to explain the execution of such receipt and avoid the force thereof by various allegations charging alteration thereof, ignorance on her part, incapacity to understand the terms of the instrument, and fraud in its procurement. Her prayer was that plaintiffs take nothing by their plea of estoppel, and that she have judgment as theretofore prayed for by her. An order dismissing the cause was procured on August 4, 1924, by plaintiff, who had on same day filed a motion to dismiss.

On August 25, 1924, after adjournment, the defendants filed what was styled their motion to set aside order of dismissal, and

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to reinstate, in which they alleged that they had prayed for affirmative relief, and that the court was therefore without authority to dismiss the case, and further showed that neither they nor their attorneys had notice of the dismissal until after adjournment of the term, and that had they known of the effort to dismiss it they would have resisted such effort on the ground that they were entitled to a hearing on their pleading asking affirmative relief. They alleged that they had attached a certified copy of their answer and made it a part of such new pleading, and such copy was attached. Such new pleading was sworn to.

The plaintiff was duly served with a citation, or notice in the nature of a citation, and similar service had upon her attorneys.

At the following term of court the judgment of dismissal was set aside, after hearing evidence, and the defendants amended their pleading and obtained the judgment appealed from on January 12, 1925. The order reinstating the cause recited that—

"On this the 6th day of January, A. D. 1925, came on to be heard the motion of the defendants W. B. Green, Rosa M. Green, and J. N. Green to set aside the order of dismissal of this cause made and entered herein on the 4th day of August, A. D. 1924, and at the July term, A. D. 1924, of this court, which said motion was filed herein on the 25th day of August, A. D. 1924; whereupon came the defendants in person and by their attorneys and announced ready for trial upon said motion, but the plaintiff, E. T. Green, and her attorney, though each duly cited and given notice of the time and place of the hearing of said motion, failed to appear and contest the same, but wholly made default. And the court having heard said motion and the evidence offered by the defendants in support of same, and there being no objection thereto, is of the opinion that the law is with the defendants and that said motion should be granted.

"It is therefore ordered, adjudged, and decreed by the court that the defendants' said motion be and the same is hereby granted, and that the former order of this court made and entered on the 4th day of August, A. D. 1924, dismissing this cause from the docket of this court, be and the same is hereby set aside and held for naught, and that this cause be and the same is hereby reinstated upon the docket of this court for hearing and trial upon the defendants' cross-action and prayer for affirmative relief against the plaintiff."

The case was thereafter tried on defendants' second amended original answer filed January 12, 1925, the prayer of which is as follows:

"Defendants further aver that the claim asserted by plaintiff in and to the property mentioned and described in her said petition casts a cloud upon the good and valid title of the defendants to the aforesaid property, and injures the market value thereof. Wherefore defendants pray that, upon a hearing hereof, they have and recover judgment against the plaintiff for the title and possession of the property described in plaintiff's said petition, and that defendants be decreed to be the owners thereof free from any claim or pretended claim of plaintiff thereto, and that all such claims of plaintiff in and to such property be canceled and held for naught, and that such claims be removed as a cloud upon defendants' good and valid title to said property. Defendants further pray for costs of suit, and for such other and further relief, special and general, in law and in equity, to which they may show themselves entitled, etc."

The cause came on for trial at the January, 1925, term and we copy the recitals in the first part of the decree as follows:

"On this the 12th day of January, A. D. 1925, came on to be heard in the above numbered and entitled cause the cross-bill and plea for affirmative relief contained in the defendants' second amended original answer filed herein in reply to the plaintiff's third amended original petition, the plaintiff having heretofore on the 4th day of August, A. D. 1924, voluntarily taken a nonsuit *in said cause and dismissing her cause of action* against the defendants herein, whereupon came the defendants in person and by their attorneys, but the plaintiff failed to appear either in person or by her attorneys and wholly made default. And the defendants having announced ready for trial upon their cross-bill and plea for affirmative relief against the plaintiff, this cause went to trial thereon, and, a jury being waived, all matters as well of fact as of law were submitted to the court, and the court after hearing the pleadings, the evidence and the argument of counsel, and being fully advised in the premises, is of the opinion and so finds that the law is with the defendants."

It is to be noted that, though plaintiff in error had notice of the application to set aside the judgment of dismissal as well as the final judgment, she not only failed to appear and contest the same, but stood by, so to speak, and permitted the court by her default to enter the several orders without objection or protest and gave no notice of appeal whatever. No findings of fact of the court were requested, and no bill of exceptions or statement of facts filed.

Defendants in error make vigorous objection to our considering any assignment or proposition of law presented by plaintiff in error. Plaintiff in error relies almost wholly upon an alleged fundamental error committed by the court in permitting the reinstatement of the case after the term of the court at which the judgment of dismissal was granted.

[2] The material contention here is made by plaintiff in error that there was no error in dismissing the case, because defendants had not by any pleading prayed for affirmative relief. We understand that there is no particular form adopted that one is required to follow in the answer to present his claim for affirmative relief. It is somewhat like a prayer for making parties to a suit to set up their adverse claims. Upon a special exception to such loose pleading the court, in the behalf of good pleading, would always

require the claims to be more definitely stated. This plaintiff at no time sought to accomplish that. He appeared at no hearing and took no exception to either judgment, and gave no notice of appeal to this court, though duly notified.

[3, 4] Is plaintiff in error in any position to claim fundamental error in the several rulings of the court? We think not. Granting that defendant in error should have appealed from the judgment of the court in allowing the dismissal of the entire cause, and that it is no excuse that defendant did not ascertain the fact until long after the adjournment of the term, it was defendant in error's duty to be in court and note every ruling that took place, so as to preserve his rights and remedies. Eddleman v. McGlathery, 11 S. W. 1100, 74 Tex. 281. It was within the power and jurisdiction of the court to hear this motion. But, as we see it, we may place out of sight any supposed error in the action of the court in permitting the nonsuit, and then discuss the case from the standpoint of the claimed fundamental error in the action of the court in reinstating the case at the next term of the court.

The ground for the motion is:

"Because the defendants asked and prayed for affirmative relief in their first amended original answer filed in said cause, as shown by a certified copy of said answer hereto attached and made a part hereof, and that therefore this court was without authority to permit the plaintiff to take a nonsuit and dismiss said cause by its order made and entered as aforesaid.

"In this connection, defendants would respectfully show unto the court that they nor their attorneys had any knowledge of the taking of said nonsuit by plaintiff or of the dismissal of said cause at the time said order was made and entered by this court, nor did they or either of them or their attorneys learn of the taking of said nonsuit and the dismissal of said cause until after the adjournment of the July term, A. D. 1924, of said court; that had defendants or their attorneys known of the application by plaintiff to take said nonsuit and to dismiss said cause they would have contested and resisted same upon the ground that, having asked and prayed for affirmative relief in their answer against plaintiff, they were entitled to a hearing and trial thereon."

The motion itself is not very persuasive, and is almost without equity. It is no excuse that defendant was absent from the court when the order was entered, for it was his duty to be personally present in court, or by his attorney, until court was adjourned, and to note everything done in the case, step by step.

We fail to see any special diligence whatever on defendants' part. They were misled in no way, and no fraud was committed that prevented defendants from discovering the facts. And if the court erred defendant had his remedy by appeal, which remedy he lost by his own negligence. However, let that pass, since the plaintiff in error, without one whisper of dissent, in open court allowed the judgment to be set aside, after having full notice of the application. When that order was granted, the cause stood ready for trial as an original suit.

At a regular term of the court the cause was heard on the original and amended pleadings and the evidence introduced, and judgment rendered against plaintiff on the cross-action originally filed, amended in some particulars, and yet the plaintiff appeared not to defend or prosecute his suit.

We are treating this proceeding and case, as is said in Eddleman v. McGlathery, supra, as "an equitable action after its close to reopen the case and dispose of the litigation upon its merits." Blair & Hughes Co. v. Short (Tex. Civ. App.) 271 S. W. 200.

This case as stated was tried on its merits and disposed of without any apparent objection of plaintiff in error apparent of record.

By her own laches plaintiff in error placed herself in a position where the court is unable to give her relief.

No substantial error of law has been shown to have been committed or preserved that necessitates a reversal of this cause, and the judgment is affirmed.