**GREEN v. GREEN et al. (No. 694–4612.)**

(Commission of Appeals of Texas, Section B. Dec. 1, 1926.)

1. **Dismissal and nonsuit** ☞81(3)—**Judgment of dismissal put defendants as well as plaintiff out of court, and could only be set aside at subsequent term by direct proceeding.**

Where plaintiff's suit was dismissed on plaintiff's motion, judgment of dismissal put defendants as well as plaintiff out of court, and could only be set aside at subsequent term by direct proceeding for that purpose.

2. **Appeal and error** ☞78(4) — **Judgment of dismissal is final for purposes of appeal.**

Judgment of dismissal is as final for purposes of appeal as is a judgment on merits.

3. **New trial** ☞117(3) — **Court cannot grant new trial at subsequent term of court to that at which judgment was rendered.**

Court is without power, except where especially conferred by statute, to grant new trial at subsequent term of court to that at which judgment was rendered, and an order attempting to do so'is void.

4. **Judgment** ☞405—**Person injured by judgment may at subsequent term institute equitable proceeding to set aside judgment and retry cause.**

Any person injured by judgment may at subsequent term institute equitable proceeding to set aside judgment and retry cause, where essential elements are present, some of which are that complainant is without fault and has meritorious defense.

5. **Judgment** ☞458—**Equitable proceeding to set aside judgment and retry cause is essentially a new suit, upon which citation must issue if no voluntary appearance be made.**

Equitable proceeding to set aside' judgment and retry cause does not contemplate granting merely of new trial and reinstatement of case for trial at future day, but is essentially new suit, on which citation must issue if no voluntary appearance be made.

6. **New trial** ☞109—**Motion by defendant to have suit, previously dismissed on plaintiff's motion, reinstated and defendants' affirmative relief granted, was motion for new trial.**

Where suit in which defendants had prayed for affirmative relief was dismissed on plaintiff's motion and defendants brought motion to have cause reinstated and affirmative relief granted, defendants' motion was a proceeding for new trial, and not an equitable proceeding to review case.

─────────

☞For other cases see same topic and KEY-NUMBER 'in all Key-Numbered Digests and Indexes .

7. New trial ⟨⟩117(3) — Order reinstating cause and granting defendants' affirmative relief in suit dismissed on plaintiff's motion in previous term held void as beyond jurisdiction of court.

Where suit in which defendants had prayed for affirmative relief was dismissed on plaintiff's motion and defendants brought motion at subsequent term to reinstate cause and have affirmative relief granted, order reinstating cause and granting relief asked was void, since defendants' motion was a proceeding for new trial, and court does not have jurisdiction to grant new trial at subsequent term.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Mrs. E. T. Green against W. B. Green and others. The suit was dismissed on motion of plaintiff. Subsequently it was reinstated on motion of defendants, and affirmative relief prayed by defendants was granted. Case was carried by writ of error to Court of Civil Appeals, where judgment of trial court was affirmed in 282 S. W. 900, and plaintiff brings error. Reversed and rendered.

Emmett B. Cocke, Ben H. Kelly, and A. L. Mattock, all of San Antonio, for plaintiff in error.

W. H. Blanton and Midkiff & Green, all of Gonzales, and Taliaferro, Cunningham & Moursund, of San Antonio, for defendants in error.

SPEER, J. The plaintiff in error originally brought this, a partition suit, against defendants in error, who are the children of her deceased husband. They answered that the property sought to be partitioned was the separate property of their father and was devised to them by his will, which had been duly probated. They also alleged an election by the plaintiff to take under the will, and by reason thereof she was estopped to claim the property in controversy. The defendants prayed that the plaintiff take nothing, and, further, that they be quieted in their title and possession and have special and general relief. The plaintiff subsequently filed a motion to dismiss, and on the same day the court made the following order:

"On this the 4th day of August, 1924, came on to be heard the motion of plaintiff asking that this cause be dismissed, and, no affirmative relief having been asked in their cross-action by the defendants or any of them, it is therefore ordered, adjudged, and decreed by the court that this cause be and the same is in all things dismissed at the cost of plaintiff, for which costs let execution issue."

At the following term of court this judgment of dismissal was set aside through the following order:

"On this the 6th day of January, A. D. 1925, came on to be heard the motion of the defendants, W. B. Green, Rosa M. Green, and J. M Green, to set aside the order of dismissal of this cause made and entered herein on the 4th day of August, A. D. 1924, and at the July term, A. D. 1924, of this court, which said motion was filed herein on the 25th day of August, A. D. 1924; whereupon came the defendants in person and by their attorneys and announced ready for trial upon said motion, but the plaintiff, E. T. Green, and her attorney, though each [was] duly cited and given notice of the time and place of the hearing of said motion, failed to appear and contest the same, but wholly made default. And the court having heard said motion and the evidence offered by the defendants in support of same, and there being no objection thereto, is of the opinion that the law is with the defendants and that said motion should be granted. "It is therefore ordered, adjudged, and decreed by the court that the defendants' said motion be and the same is hereby granted, and that the former order of this court made and entered on the 4th day of August, A. D. 1924, dismissing this cause from the docket of this court, be and the same is hereby set aside and held for naught, and that this cause be and the same is hereby reinstated upon the docket of this court for hearing and trial upon the defendants' cross-action and prayer for affirmative relief against the plaintiff."

The case was afterward tried on defendants' second amendment to their original answer filed January 12, 1925, when a judgment was rendered for the defendants on their cross-bill and plea for affirmative relief. The plaintiff made no appearance. The case was carried by writ of error to the Court of Civil Appeals, where the judgment of the trial court was affirmed. 282 S. W. 900.

[1-3] In the petition for writ of error the point is first made that the Court of Civil Appeals erred in holding that the first amended original answer by defendants constituted a cross-action. We do not find it necessary to decide this question. It is entirely immaterial. Conceding that the answer did contain a plea for affirmative relief, nevertheless it is clear from the order above quoted the trial court thought otherwise and actually dismissed the entire case. Whether right or wrong in his conclusions, the effect of his order was to put the defendants, as well as the plaintiff, out of court. Upon the adjournment of court for the term, that order became final and could only be set aside by a direct proceeding for that purpose. A judgment of dismissal is as final for the purposes of an appeal as is a judgment on the merits. A motion to reinstate such judgment is in legal effect a motion for a new trial. It is well settled that a court is without power (except where especially conferred by statute) to grant a new trial at a subsequent term of the court to that at which the judgment was rendered, and that an order attempting to do so and all subsequent proceedings in the case are absolutely void. Carter v. Commissioners, 75 Tex. 286, 12 S.

W. 985; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Ætna Insurance Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719.

Indeed this proposition seems not to be denied, but the Court of Civil Appeals held that this proceeding was "an equitable action after its close to reopen the case and dispose of the litigation upon its merits." We do not agree with this conclusion. The motion, so denominated by the attorneys for defendant, is short, and is as follows:

"Now comes the defendants W. B. Green, Rosa M. Green, and J. M. Green in the above numbered and entitled cause by their attorneys and file this their motion to set aside the order of this court made and entered on the 4th day of August, 1924, and at its July term, A. D. 1924, permitting the plaintiff to take a nonsuit and dismissing this cause and to reinstate this cause upon the docket of said court for the following good and sufficient reasons, to wit: Because the defendants asked and prayed for affirmative relief in their first amended original answer filed in said cause as shown by a certified copy of said answer hereto attached and made a part hereof, and that therefore this court was without authority to permit the plaintiff to take a nonsuit and dismiss said cause by its order made and entered as aforesaid.

"In this connection defendants would respectfully show unto the court that they nor their attorneys had any knowledge of the taking of said nonsuit by plaintiff or of the dismissal of said cause at the time said order was made and entered by this court, nor they or either of them or their attorneys learn of the taking of said nonsuit and the dismissal of said cause until after the adjournment of the July term, A. D. 1924, of said court; that had defendants or their attorneys known of the application by plaintiff to take said nonsuit and to dismiss said cause they would have contested and resisted same upon the ground that, having asked and prayed for affirmative relief in their answer against plaintiff, they were entitled to hearing and trial thereon.

"Wherefore defendants pray the court that the plaintiff be given notice of the filing of this motion and that upon a hearing hereof the court set aside its former order made and entered on the 4th day of August, 1924, as aforesaid, permitting plaintiff to take a nonsuit and dismissing said cause, and that the court reinstate said cause upon the docket of said court."

[4, 5] No formal citation was issued upon this pleading, but the plaintiff did have notice of its filing. The attorneys for defendant have thus recognized the proceeding as a motion to reinstate both by denominating it such and by their failure to cause a citation to issue thereon, and the court itself has so treated the proceeding by a formal order of reinstatement directing that the case stand for hearing upon the defendants' cross-action and by actually thereafter trying the case on its merits. While these circumstances are not controlling, they nevertheless are helpful in determining the real character of the proceeding. It is, of course, true that any person injured by a judgment may, at a subsequent term, institute a suit to set aside such judgment and retry the cause. But this proceeding is an equitable one, the essential elements of which are well known, most important of which are that it should appear the judgment has been obtained through the wrongful conduct of the opposite party unmixed with fault upon the part of the complainant, and, moreover, that the complainant has a meritorious defense which, if heard, would probably bring about a different result. Such a proceeding is essentially a new suit, upon which citation must issue if no voluntary appearance be made. The proceeding does not contemplate the granting merely of a new trial and reinstatement of the case for trial at a future day, but rather it contemplates a reexamination of the entire case. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Ætna, etc., Co. v. Brannon, 99 Tex. 398, 89 S. W. 1060, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, writ refused; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679.

[6] Aside from the interpretation of the proceeding by the defendants and the court, the motion itself shows clearly that it is intended only as a proceeding for new trial. It has none of the essential elements of an equitable proceeding to review the case.

[7] So that the order of the trial court entered on January 6, 1925, at a subsequent term, being without authority and beyond the jurisdiction of the court, is entirely void, and the Court of Civil Appeals erred in affirming the judgment.

We therefore recommend that the judgment of both courts be reversed and that judgment be here rendered for plaintiff in error.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered for the plaintiff in error.