### HUDGINS v. T. B. MEEKS CO., Inc.
### (No. 580.)

Court of Civil Appeals of Texas. Waco.
Oct. 27, 1927.

Rehearing Denied Dec. 8, 1927.

**1. Appeal and error ⬤⟿516—Orders made on trial docket, but not entered in minutes, are improperly included in transcript.**

Notations of orders as made by trial court on his trial docket, but not entered in court's minutes, are improperly included in transcript on appeal.

**2. Appeal and error ⬤⟿713(1)—Appellate court must consider trial court's fact findings, including orders improperly included in transcript.**

Court of Civil Appeals must consider trial court's fact findings, setting forth orders made on trial docket, but not entered in court's minutes, though notations of such orders are improperly included in transcript.

**3. Judgment ⬤⟿273(2)—Court must enter judgment or order, not entered in minutes, at later term as of date actually made, where parties' position has not changed nor any intervening rights accrued.**

When parties' position has undergone no change and no intervening rights have accrued, trial court has power and duty to enter judgment or order, not entered in court's minutes at term at which taken, at a later term, as of date it was actually made.

**4. Appeal and error ⬤⟿78(4)—Judgment of dismissal is as final for appeal purposes as judgment on merits.**

A judgment of dismissal is as final for the purposes of an appeal as a judgment on the merits.

**5. New trial ⬤⟿109—Motion to reinstate cause after dismissal is motion for new trial.**

A motion to reinstate a cause after judgment of dismissal is in legal effect a motion for a new trial.

**6. Judgment ⬤⟿191—"Judgment" is judicial act declaring court's decision of law, while its entry in minutes is ministerial act affording permanent evidence of judicial act.**

A "judgment" is the judicial act by which the court declares its decision of the law on matter before it, while entry thereof in the minutes is a ministerial act, usually of the clerk of the court, affording permanent evidence of judicial act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law).]

**7. Judgment ⬤⟿293—Failure to enter or correctly enter judgment in minutes does not annul it.**

Failure to enter or correctly enter a judgment in the minutes does not annul the judgment, but merely makes its record imperfect.

**8. Dismissal and nonsuit ⬤⟿81(3)—Court cannot set aside judgment of dismissal and reinstate cause at subsequent term, in absence of mistake.**

Docket entry of dismissal of cause being a final judgment, court was without authority at subsequent term to set aside such judgment on request and reinstate cause, in absence of mistake, and order attempting to do so and all subsequent proceedings in case are void.

**9. Appeal and error ⬤⟿219(2)—Trial court's fact findings, not complained of by either side, are binding on both parties and appellate court.**

The trial court's findings of fact, not complained of by either side, are binding on both parties and the appellate court.

**10. Dismissal and nonsuit ⬤⟿81(2)—Motion to reinstate cause after judgment of dismissal at prior term held not in nature of bill in equity to review judgment as affects authority of court.**

Motion to reinstate cause after judgment of dismissal at prior term *held* not in nature of bill in equity to review judgment, where it was not so treated by court or movant's counsel, no notice of its filing was given adverse party or his attorneys, and it was granted and cause reinstated on day of filing it.

Appeal from Van Zandt County Court; Chas. L. Hubbard and S. L. West, Judges.

Action by the T. B. Meeks Company, Inc., against J. M. Hudgins. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

West & Stanford, of Canton, for appellant.

Nat M. Crawford, of Grand Saline, for appellee.

STANFORD, J. [1, 2] This suit was filed by appellee to recover upon a promissory note executed by appellant. The suit was filed November 29, 1922, and appellant was alleged to reside in Mitchell county, Tex. On March 3, 1924, appellant, defendant in said cause, not having been served, said cause was "dismissed at plaintiff's cost." On November 18, 1925, the plaintiff in said cause, appellee herein, filed its motion to reinstate said cause, which motion was on the same date granted and said cause reinstated. On December 18, 1925, citation was issued to Mitchell county and served on defendant, appellant herein, on December 23, 1925. On January 2, 1926, defendant, appellant herein, filed his answer. On January 6, 1926, judgment by default was rendered against appellant. On motion of appellant, this judgment was set aside. Said cause was thereafter tried on November 26, 1926, before the court without a jury, and judgment rendered for plaintiff, appellee herein, from which judgment appellant has duly perfected his appeal, and presents the record here for review. None

of the orders entered by the court were prepared and entered in the minutes of the court, but the notations of said orders as made by the trial court on his trial docket are included in the transcript. These entries we think are improperly included in the transcript, and, if this were the only way said orders were shown, the same could not be considered. Stark v. Miller, 63 Tex. 164; Whittaker v. Gee, 63 Tex. 435; Eastham v. Sallis, 60 Tex. 576; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Cow Bayou Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173. But the court filed findings of fact and conclusions of law, and in such findings of fact set forth the orders he did make upon his trial docket, and such findings we are required to consider.

[3] Under his first assignment, appellant contends, in effect, that, when an order or judgment is taken in a cause, and same is not entered in the minutes of the court at the term at which same was taken, the court may, at a later term, order same entered nunc pro tunc; that is, as of the date said order or judgment was taken. We think, when the position of the parties has undergone no change and no intervening rights have accrued, the trial court not only has the power to enter such judgment or order at a later term as of the date same was actually made, but that it is his duty to so do. Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040; Smith v. Wofford (Tex. Civ. App.) 97 S. W. 143; Fort Worth Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Smith v. Moore (Tex. Civ. App.) 212 S. W. 988. The court should have granted appellant's motion to have the order or judgment of dismissal of date March 3, 1924, entered in the minutes as of the date same was rendered by the court.

Under appellant's second assignment he contends, in effect: The court erred in holding that the order of dismissal as made on the docket of the court on March 3, 1924, but not carried forward into the minutes of the court at the term same was taken was not a final judgment. Under his third assignment, appellant contends, in effect, that the court erred in reinstating said cause on his docket at a later term. In his findings of fact, the court found that the suit was filed on the 29th of November, 1922, and further:

"I find that said cause was passed from term to term of the court and an entry was made on the docket of this court on the 3d day of March, 1924, at a regular day and term of this court, as follows: 'Dismissed at plaintiff's cost'—which entry was made without the knowledge of plaintiff, and that said cause was retired from the docket of the court, though no record was made in the minutes of the court of the action. I find that the costs were taxed against the plaintiff, T. B. Meeks Company, and that said costs included a final judgment, and that said costs were paid by the plaintiff. No further action was taken until November 18, 1925. I find that on November 18, 1925, the plaintiff by its attorney requested that the cause be reinstated on the docket, and it was so done by order of the court of that date," etc.

As a conclusion of law, the court says:

"The court concludes, first, that the order dismissing the cause as made on the docket of the court and not carried into the minutes of same was not a final judgment and that the court properly reinstated said cause on the docket."

[4-10] A judgment of dismissal is as final for the purposes of an appeal as is a judgment on the merits. A motion to reinstate a cause is in legal effect a motion for a new trial. Green v. Green et al. (Tex. Com. App.) 288 S. W. 406. A judgment of a court is that which it pronounces; that is, the judicial act by which it declares the decision of the law upon the matter before the court; its entry in the minutes being a ministerial act, usually of the clerk of the court, affording permanent evidence of the judicial act. The failure to enter a judgment in the minutes, or a failure to correctly so enter it, does not annul such judgment, but merely makes its record imperfect. Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040; McCoy v. Texas P. & L. Co. (Tex. Com. App.) 239 S. W. 1112; Green v. Green et al. (Tex. Com. App.) 288 S. W. 406. The docket entry of the dismissal of this cause by the court on March 3, 1924, was a final judgment, and, under the well-settled rule of law in this state, the court was without authority at a subsequent term to set said judgment aside upon request and reinstate same, and the court's order attempting to do so and all subsequent proceedings in the case are absolutely void. Green v. Green et al. (Tex. Com. App.) 288 S. W. 406; Carter v. Commissioners, 75 Tex. 286, 12 S. W. 985; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719. In fact, appellee does not seem to controvert the proposition of law above stated, but contends the dismissal was by reason of a mistake of the court, and that said motion for new trial was "in the nature of a bill in equity and not a motion for a new trial." There is nothing in the court's findings of fact to indicate that said judgment was entered by mistake, but such findings indicate such judgment was not by mistake. Neither do such findings indicate that the court considered or treated said motion as a bill in equity to review the judgment of dismissal. Neither side has made any complaint of the court's findings of fact, and so the same are binding upon both parties and this court. There is no statement of facts in the record. Appellee's said motion is in the record, and appears to be simply a motion to reinstate said cause, and has none of the earmarks of a bill in equity to review a judgment. It was not so treated by the court or appellee's counsel. No notice of the filing of same was

given appellant or his attorneys. Said motion was granted and said cause reinstated the same day it was filed. A valid judgment of dismissal having been entered by the court on March 3, 1924, the order of the court attempting to set aside said judgment and reinstate said cause on November 18, 1925, at a subsequent term and after many terms had passed, was absolutely void, and all subsequent proceedings in said cause were void.

We sustain all of the assignments above discussed, and reverse the judgment of the trial court, and here render judgment for appellant.