## COMMUNITY NATURAL GAS CO. v. HENLEY et al. (No. 3586.)*

Court of Civil Appeals of Texas. Texarkana. Nov. 7, 1928.

Rehearing Denied Nov. 22, 1928.

*Writ of error granted.

Harry P. Lawther, of Dallas, for appellant. Thompson & McWhirter, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). ■ A former appeal of this cause was dismissed January 5, 1928 [11 S.W.(2d) 206], because it appeared the judgment was not a final one, in that it did not dispose of the suit so far as it was against the Lone Star Gas Company and the city of Greenville. The omission in that judgment was supplied in the judgment nunc pro tunc rendered January 28, 1928, from which this appeal was prosecuted. The contention made here that the court below was without power to render the nunc pro tunc judgment is without merit, we think. It was shown by an entry in writing made by the court on his trial docket July 12, 1927, the day he rendered the original judgment in the cause, that he then directed it to be entered in favor of said city and said Lone Star Gas Company. Article 2228, R. S. 1928 (Texas Complete); Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; Smith v. Moore (Tex. Civ. App.) 212 S. W. 988.

■ The contention that the court below erred when he overruled appellant's motion to continue the cause is not supported by a bill of exceptions, as required by rule 55 for the government of district and county courts, and for that reason it has not been considered and will not be determined by this court. T. & P. Ry. Co. v. Mallon, 65 Tex. 115; St. Louis Southwestern Ry. Co. of Texas v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. 451; Texas City Terminal Co. v. Thomas (Tex. Civ. App.) 178 S. W. 707.

We agree with appellant that the finding of the jury that leaving the ditch open and unprotected was the proximate cause of the injury to Mrs. Henley was unwarranted. According to her testimony as a witness and the corroborative testimony she relied upon, the proximate cause of the injury she suffered was the insecure way in which the slab of concrete was placed across the ditch. Evidently she would not have fallen as she testified she did when she stepped upon the slab, if proper care had been used in placing it across the ditch.

■ As we view the record, the contention that the evidence did not warrant the finding of the jury that employés of appellant placed the slab of concrete across the ditch presents the only debatable question presented by the assignments of error. That contention is predicated, it seems, on the fact that no witness testified he saw any one place the slab across the ditch or knew how it got there. It appeared from the evidence that the ditch in question was dug across Church street, running east and west, at the point where it intersected Sayle street, running north and south. Appellant had placed a bridge about 10 feet wide across the ditch at about the middle of Church street. The dirt from the ditch was thrown to the east side thereof and to each side of the bridge. The effect of so throwing the dirt was to make a dump several feet high across Church street on each side of the bridge. Mrs. Henley testified that on the occasion of the accident she had left her home, situated on Church street about 175 feet east of the ditch, to walk to the city of Greenville; that, finding she could not get from the sidewalk to the bridge referred to because of mud in the street, she "turned (quoting) and looked for the foot crossing and saw a concrete slab." The slab, she said, was across the ditch at a point about halfway between the bridge and the curb. "I did not have to walk over this pile of dirt," she said, "to get to the slab. In that halfway between the bridge and the curb there was a passageway in the dirt, and at one end of the passageway and across the ditch there was a slab of concrete." The witness Spencer testified that—

"There was (quoting) an open passageway to the slab of concrete. The best I remember there was an open passageway for foot passengers to get through without going in the mud or traveling over dirt, the dirt ridges that were thrown up."

The question is: Did the jury have a right to conclude from the testimony of Mrs. Henley and the witness Spencer, referred to, that the concrete slab was placed across the ditch by employés of appellant? We think the answer should be in the affirmative. Certainly the jury had a right to find that the passageway mentioned was provided by appellant's employés for use in crossing over the ditch. And finding that, we think they as certainly had a right to conclude that said appellees placed the slab across the ditch, for the way would be incomplete without some such means for crossing over the ditch.

■ The finding that appellant's employés were guilty of negligence, in that they failed to use proper care in placing the concrete slab across the ditch being warranted by the evidence, as we have determined, furnished a sufficient support for the judgment. Therefore the fact that the finding that appellant was guilty of such negligence in leaving the ditch open and unprotected was unwarranted,

as we also have determined, is not a reason why the judgment should be reversed [Andrews v. Wilding (Tex. Civ. App.) 193 S. W. 192; Southwestern Portland Cement Co. v. Challen (Tex. Civ. App.) 200 S. W. 214; Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199] and hence it is affirmed.