## RUSH v. KLAPPROTH, District Judge, et al.
## No. 1532.

Court of Civil Appeals of Texas. Eastland.
March 1, 1935.

Thomas & McDonald, of Big Spring, for relator.

Morrison & Morrison, of Big Spring, for respondents.

FUNDERBURK, Justice.

On September 22, 1933, in a suit pending in the district court of Howard county, the plaintiff therein, McClaren Rubber Company, took judgment by default against the defendants Williams Auto Supply Company, F. V. Williams, H. S. Hart, and J. L. Rush. At the same term of court, and on November 25, 1933, the judgment by default, upon motion of defendant J. L. Rush, was set aside as to him; the intention of the court being to leave the judgment by default in effect as to the other defendants. At a subsequent term of court, the case was tried with a jury as between the plaintiff McClaren Rubber Company and defendant J. L. Rush. The jury having determined the issues favorably to the latter, judgment was rendered and entered accordingly, which, however, made no disposition of the other defendants other than to recite concerning the former judgment by default "that said judgment was and is a final judgment" as to the other defendants, except the defendant F. V. Williams, as to whom it was recited the case had been dismissed because of his having been discharged in bankruptcy. The appeal of the case by the plaintiff to this court [McClaren Rubber Co. v. Williams Auto Supply Co., 81 S.W.(2d) 255] was dismissed because the judgment was not final, in that it made no disposition of the defendants Williams Auto Supply Company and H. S. Hart. Following dismissal of the appeal, J. L. Rush sought by motion in the trial court to have final judgment entered nunc pro tunc. After waiver of notice by adverse parties, the court, upon a hearing, overruled the motion and declared the purpose of setting aside previous proceedings, including the verdict of the jury, and to set the case for trial. J. L. Rush has made application to this court for mandamus to direct the Honorable Chas. L. Klapproth, judge of the district court of Howard county, to enter final judgment nunc pro tunc as heretofore prayed by relator in said motion.

In the opinion of this court [McClaren Rubber Co. v. Williams Auto Supply Co., 81 S.W.(2d) 255], wherein it was held that the judgment appealed from was not final, after reciting the action of the court in attempting to set aside the judgment by default as to J. L. Rush only, and leaving the judgment in effect and final as to the other two defendants, we said: "This the court had no power to do. The legal effect of its action was to set aside the judgment as to all defendants." In so saying we did not mean to hold that the judgment by default became wholly inoperative for all purposes as against the other defendants. We only meant to point out that by such action the otherwise final judgment was rendered not final but only in-

terlocutory as to the other defendants. The clear intent of the trial court to leave the judgment by default in effect as to the defendants other than Rush kept the default judgment effective as to them, but only as an interlocutory judgment. In other words, said defendants continued to be barred from answering and setting up defenses. For the lack of finality, the judgment was neither subject to being executed nor was it appealable. When, therefore, the case was tried as between the plaintiff and Rush, the only defendant entitled to make defense, and the issues between them were determined by the jury in favor of Rush, there remained no obstacle to prevent the court from entering final judgment disposing of all parties. Such judgment should have made final in favor of the plaintiff the previous interlocutory judgment by default against the defendants Williams Auto Supply Company and H. S. Hart, and in favor of the defendant Rush upon the issues determined by the trial and reaffirming the dismissal as to Williams, if in fact he was dismissed. The appeal having been dismissed for no other reason than that such judgment was not entered, relator, Rush, had the clear legal right, we think, to have such final judgment entered nunc pro tunc, just as he sought by his motion to have done.

The only issues in the case had been determined by a verdict of the jury which we must presume had been properly submitted. The verdict was accepted and the jury discharged, and the court had no discretionary power to set aside that verdict, especially at a subsequent term of the court, since the entry of the judgment under the circumstances was but a ministerial act. Lloyd v. Brinck, 35 Tex. 1; G., C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 296; H. & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; G., C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613; St. L. S. W. Ry. Co. of Texas v. McArthur, 96 Tex. 65, 70 S. W. 317; Clark & Loftus v. Pearce, 80 Tex. 146, 15 S. W. 787.

The proposition asserted by relator is believed to be sound, namely: "Whenever there has been a valid verdict of the jury, had under proper pleadings, and a judgment is entered thereon but fails to dispose of all the parties defendant, the court should, as a ministerial act, even at a subsequent term, enter a judgment in full, properly disposing of all the parties, or a judgment fully correcting the omission, when a motion has been properly made for that purpose, and reasonable notice given to the opposing parties liti-

gant, and this being a ministerial act the court may be required in the proper proceedings to enter such judgment." Community Natural Gas Co. v. Henley (Tex. Civ. App.) 11 S.W.(2d) 207; Benge v. Panhandle Land Co. (Tex. Civ. App.) 145 S. W. 318; Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; El Paso & N. E. Ry. v. Campbell, 45 Tex. Civ. App. 231, 100 S. W. 170; Smith v. Moore (Tex. Civ. App.) 212 S. W. 988; R. S. 1925, arts. 2228 and 2229.

It is therefore our conclusion that writ of mandamus should issue as prayed for, and it is so ordered.